118 N.J. Super. 299 (1972)
287 A.2d 229
STATE OF NEW JERSEY, PLAINTIFF,
v.
GEORGE R. HARRISON AND EDWARD R. MAYS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 1, 1972.
*300 Mr. Martin Kayne for the plaintiff (Mr. Joseph F. Gourley, Passaic County Prosecutor, attorney).
Mr. Herbert S. Alterman and Mr. Harvey R. Browne for defendants.
JOELSON, J.S.C.
Defendants, who are under indictment for murder, have moved by way of pretrial discovery to inspect and copy all police reports "pertaining to this matter." The State has resisted the application, contending that police records are immune from discovery.
R. 3:13-3(e) provides as follows:
Except as heretofore specifically provided, this rule does not authorize discovery by a party of reports, memoranda or internal documents made by any other party, his attorneys or agents in connection with the investigation, prosecution or defense of the matter * * *.
The State contends that this provision effectively bars the discoverability of police reports concerning the homicide for which defendants have been indicted.
The comments to the 1971 edition of the Rules of Court do indicate (at 320) that a proposal was rejected which would have given the courts discretion to make discoverable all reports, memoranda and other internal documents of the State made in conjunction with its investigation or trial preparation. The commentary states that "this proposal was rejected apparently for the reason, expressed at the May 1967 Judicial Conference that such discovery would unduly prejudice the State and hamper its investigations." It further points out that the Federal Rules of Criminal Procedure likewise maintain "the exemption of the State's internal memoranda from defendant's discovery."
Since the limitation refers to reports, memoranda or internal documents of a party and its agents, it might be questioned whether it should apply to those of a local police department. However, if this distinction were to be adopted, *301 records of State Police who investigated a matter would be protected from inspection, but those of local police would not be protected. In view of the purpose of the limitation as hereinabove expressed, the intent of its authors does not appear to be of such narrow application. Furthermore, in the literature on the subject such a distinction does not emerge. Although law review authors are dismayed by the general exclusion, they do not argue that it is not applicable to local police. 74 Harv. L. Rev. 1051 et seq. (1961); Traynor, "Ground Lost and Found in Criminal Discovery," 39 N.Y.U.L. Rev. 243 (1964)
It is the opinion of the court that in view of R. 3:13-3 (e), it lacks the authority to require that all police records relating to the investigation of a case be opened to the attorney for a defendant after the indictment. However, this does not dispose of the matter because the court must still deal with the question as to whether defense counsel should be given the right to inspect and copy the reports of police personnel who will be witnesses at the trial.
Defendants have requested and the court has ordered, pursuant to its discretionary power under R. 3:13-3(c)(1), that the State disclose to the defense "the names and addresses of any persons whom the prosecuting attorney knows to have relevant evidence or information, and to indicate which of those persons he may use as witnesses." Furthermore, defendants have requested and the court has ordered, pursuant to R. 3:13-3(c)(2), that the State "permit the defendant to inspect and copy or photograph any relevant records of statements, signed or unsigned, by such persons * * *."
The court is of the opinion that it must regard as significant the words, "Except as otherwise provided," at the very commencement of R. 3:13-3(e). These words indicate that the bar against inspection of police reports is not absolute, but must yield to other provisions of R. 3:13-3. R. 3:13-3(c)(1) specifically provides that the court may in its discretion order the State to disclose the names and addresses *302 of witnesses, and R. 3:13-3(c)(2) then provides that a defendant may be permitted to inspect and copy "any relevant records of statements, signed or unsigned, by such persons * * *." In this case the court has signed an order of discovery under those two subsections. Since defendant now has the right to know the identity of the witnesses, including police witnesses, it should also have the right to inspect or copy the reports of such witnesses.
Central to the discussion of this problem are State v. Hunt, 25 N.J. 514 (1958), and State v. Farmer, 48 N.J. 145 (1966). In the former it was held that "where it appears that a State's witness has made prior notes or statements relating to the subject matter of the direct testimony which he has given, the defense is entitled to inspect and use on cross-examination the prior notes or statements if they are or can be made available." The State's attorney at oral argument emphasized the fact that the Hunt case involved only the question of production of statements or notes of a witness during the trial rather than before the trial. However, it is the opinion of this court that if the report of a police witness can be seen by defense counsel during the trial, there is no good reason why it cannot be seen by him prior to trial.
Trial judges know from experience that defense counsel who are not supplied with such a report until the witness has taken the stand must either skim through it hurriedly under the pressure of the clock or be given a recess of some time, thereby slowing down the trial and causing a prolonged wait by the jury. If a defense counsel is entitled to see the report of a witness, he should be able to see it under circumstances which permit him to use it with care and deliberation. When the prosecuting attorney was pressed by the court at the oral argument as to why a defense counsel who is entitled to see a report during trial should not be entitled to see it before trial, he replied that "there are defense attorneys who can build a case around * * * so-called weaknesses in a police report." To this it can be replied that the very *303 purpose of discovery is to enable defense counsel to uncover such weaknesses as may exist.
In State v. Farmer, supra, we find a clear indication that the opportunity afforded defense counsel to inspect a witness' report during trial should be extended to his right to pretrial discovery. In approving the action of a trial judge who declared a mistrial because the jury heard testimony of a police witness whose report had not been made available to the defense under the customary discovery order, the Supreme Court said (at 176): "If the court had not construed the discovery order as requiring delivery of the police reports to defendant and the trial had proceeded to conviction, undoubtedly a reversal would have ensued on appeal." It does appear from the factual context of that case, however, that the opinion limited itself to the reports of witnesses only.
This court is not unmindful of the public interest in protecting the confidentiality of sources of information of the police, and although it will order the State to make available to the defense the statements or reports of police witnesses, it will carefully consider any requests which the State may make to delete information that might legitimately be deemed to be of a confidential nature.
In summary, the court will not order the entire police file on the matter to be made available to defense counsel, believing this would be a violation of R. 3:13-3(e). Furthermore, even if it were not such a violation, the court believes it can exercise reasonable discretion under R. 3:13-3(b) and (c), which subsections are entitled "Materials Discoverable by Defendant in the Court's Discretion." However, the court will order that the State permit defense counsel to inspect, copy or photograph the reports or statements of all witnesses, including police personnel.