119 N.J. Super. 1 (1972)
289 A.2d 548
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
GEORGE HARRISON AND EDWARD R. MAYS, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS.
A-1411-71. A-1412-71.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1972.
Decided April 17, 1972.
*2 Before Judges COLLESTER, MINTZ and LYNCH.
Mr. John P. Goceljak, Assistant Prosecutor, argued the cause for appellant and cross-respondent (Mr. Joseph D.J. Gourley, Passaic County Prosecutor. attorney).
Mr. S. Richard Schiffman, Deputy Public Defender, argued the cause for respondent and cross-appellant George Harrison (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Herbert S. Alterman, designated counsel, argued the cause for respondent and cross-appellant Edward R. Mays (Mr. Stanley C. Van Ness, Public Defender, attorney).
PER CURIAM.
The State and defendants, pursuant to leave, granted appeal from an order for discovery entered pursuant to R. 3:13-3 prior to the trial of an indictment for murder.
The order directed the county prosecutor to permit defendants to inspect, copy or photograph all statements and reports of police officers who may be called to testify as witnesses at the trial. However, the court did not grant defendants' motions to inspect, copy or photograph other police reports relating to the investigation of the case.
We have considered the arguments advanced by both the State and defendants on this appeal and conclude that the order should be affirmed substantially for the reasons expressed in the opinion of Judge Joelson in the Passaic County Court, 118 N.J. Super. 299 (Law Div. 1972). While the opinion did not specifically refer to defendants' argument *3 that they were entitled to discovery of all police reports because such reports might reveal exculpatory information, the judge ruled during the hearing that the prosecutor has an absolute obligation to reveal such information if it is disclosed during the State's investigation. We concur in that ruling. See Disciplinary Rule 7-103, R. 1:14; Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and comment to R. 3:13-3, New Jersey Court Rules (1971).
Affirmed.